# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KURT HUCKABEE, individually and on
behalf of all others similarly situated,

        Plaintiff,

        vs.

SOVEREIGN BANK,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 2:11-cv-07657-GP

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
## SOVEREIGN BANK, N.A. TO PLAINTIFF'S COMPLAINT

Defendant Sovereign Bank, N.A. (formerly known as "Sovereign Bank") ("Sovereign"),
by and through its counsel, files this Answer and Affirmative Defenses ("Answer") to the "Class
Action" Complaint ("Complaint") filed on behalf of Kurt Huckabee ("Plaintiff").

Each paragraph of this Answer constitutes Sovereign's answer to the same numbered
paragraph of the Plaintiff's Complaint. Sovereign denies all allegations of Plaintiff's Complaint,
except those specifically admitted in this Answer.

    1.     Paragraph 1 of the Complaint contains conclusions of law to which no response is
required. To the extent that a response may be required, Sovereign denies the allegations
contained in Paragraph 1, except Sovereign admits that Plaintiff purports to bring this action as a
putative class action. Sovereign denies that this action may properly be brought as a class action
and further denies that it has violated the Electronic Fund Transfers Act ("EFTA"), 15 U.S.C.
§ 1693 *et. seq.* and/or the regulations promulgated thereunder, as alleged in Paragraph 1.

2.     Paragraph 2 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 2 of the Complaint. Sovereign denies Plaintiff's characterization and/or partial quotation of the statute.

3.     Paragraph 3 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 3 of the Complaint. Sovereign denies Plaintiff's characterization and/or partial quotation of the statute.

4.     Paragraph 4 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 4 of the Complaint. Sovereign denies Plaintiff's characterization and/or partial quotation of the statute, including footnote 1.

5.     Paragraph 5 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 5 of the Complaint. Sovereign denies Plaintiff's characterization and/or partial quotation of the statute.

6.     Paragraph 6 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 6 of the Complaint. Sovereign denies Plaintiff's characterization and/or partial quotation of the regulations.

7.     Paragraph 7 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Sovereign denies the allegations

contained in Paragraph 7 of the Complaint. Sovereign denies Plaintiff's characterization and/or partial quotation of the statute and regulations.

8.    Paragraph 8 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 8 of the Complaint. Sovereign denies Plaintiff's characterization and/or partial quotation of the statute.

9.    Paragraph 9 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 9 of the Complaint. Sovereign denies Plaintiff's characterization and/or partial quotation of the final rule and/or staff interpretation.

10.    Paragraph 10 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 10 of the Complaint.

11.    Paragraph 11 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Sovereign admits that Plaintiffs' Complaint purports to raise a claim under federal law.

12.    Paragraph 12 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Sovereign lacks knowledge or information sufficient to respond to the allegations of Paragraph 12 of the Complaint and, accordingly, denies the allegations.

13.    Paragraph 13 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Sovereign lacks knowledge or

information sufficient to respond to the allegations of Paragraph 13 of the Complaint and, accordingly, denies the allegations.

14.     Sovereign lacks knowledge or information sufficient to respond to the allegations of Paragraph 14 of the Complaint and, accordingly, denies the allegations.

15.     The allegations of paragraph 15 of the Complaint are denied, except Sovereign admits that it is a national association with a home office in Wilmington, Delaware.

16.     Paragraph 16 contains conclusions of law to which no response is required.  To the extent that a response may be required, Sovereign denies the allegations in Paragraph 16 of the Complaint, except Sovereign admits only that it operates certain automated teller machines in certain specific locations.

17.     Sovereign admits that it operates a retail banking branch at 214 W. 1st Street, Parkesburg, Pennsylvania 19365 (the "Parkesburg Branch") and maintains an island drive up ATM at that branch.  Sovereign lacks knowledge or information sufficient to respond to the remaining allegations of Paragraph 17 of the Complaint and, accordingly, denies the allegations.

18.     Sovereign lacks knowledge or information sufficient to respond to the allegations of Paragraph 18 of the Complaint and, accordingly, denies the allegations.

19.     Sovereign lacks knowledge or information sufficient to respond to the allegations of Paragraph 19 of the Complaint and, accordingly, denies the allegations.

20.     Denied.

21.     Sovereign denies the allegations in Paragraph 22 of the Complaint, except Sovereign admits only that it maintains an island drive up ATM located at the Parkesburg Branch.

22.     Paragraph 22 contains conclusions of law to which no response is required.  To the extent that a response may be required, Sovereign denies the allegations in Paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 23, except Sovereign admits that Plaintiff purports to bring this action as a putative class action.  Sovereign denies that this action may properly be brought as a class action.

24.     Paragraph 24 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 24, except Sovereign admits that Plaintiff purports to bring this action as a putative class action.  Sovereign denies that this action should be certified as a class action.

25.     Paragraph 25 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 25 of the Complaint.  Sovereign denies Plaintiff's characterization and/or partial quotation to the statute.

26.     Paragraph 26 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 26 of the Complaint.  Sovereign denies Plaintiff's characterization and/or partial quotation to the statute.

27.     Sovereign denies the allegations contained in Paragraph 27, except Sovereign admits that certain courts have certified certain settlement classes solely for settlement purposes in actions involving different alleged claims against different institutions.

28.     Paragraph 28 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 28 of the Complaint.

29.     Sovereign lacks knowledge or information sufficient to respond to the allegations of Paragraph 29 of the Complaint and, accordingly, denies the allegations.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Paragraph 38 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 38 of the Complaint.  Sovereign denies Plaintiff's characterization and/or partial quotation of the statute.

39.     Paragraph 39 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Sovereign denies the allegations

contained in Paragraph 39 of the Complaint. Sovereign denies Plaintiff's characterization and/or partial quotation of the statute.

40.    Paragraph 40 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 40 of the Complaint. Sovereign denies Plaintiff's characterization and/or partial quotation of the statute.

41.    Paragraph 41 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 41 of the Complaint. Sovereign denies Plaintiff's characterization and/or partial quotation of the statute and/or regulations.

42.    Denied.

43.    Denied.

44.    Paragraph 44 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Sovereign denies the allegations contained in Paragraph 44 of the Complaint. Sovereign denies Plaintiff's characterization and/or partial quotation of the statute.

45.    The allegations of paragraph 45 are denied, except Sovereign admits that Plaintiff seeks statutory damages, costs and attorney's fees. Sovereign denies that Plaintiff is entitled to any recovery.

The WHEREFORE clause (including all subparts) constitutes a prayer for relief and therefore, no response is required. To the extent that a response may be required, Sovereign denies the allegations contained in the WHEREFORE clause (including all subparts), and

Sovereign respectfully requests this Court to enter judgment in favor of Sovereign and against the Plaintiff, deny any request for class treatment, and award costs in favor of Sovereign and against Plaintiff.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state any claim upon which relief may be granted against Sovereign.

2.      Plaintiff's claims are barred because Sovereign has complied with the EFTA and the regulations promulgated thereunder.

3.      Any claim by Plaintiff for actual damages is barred because Plaintiff has not suffered any actual damages as a result of any conduct by Sovereign.

4.      Plaintiff lacks standing under Article III of the United States Constitution to assert any claim for any damages under the EFTA.

5.      Plaintiff's EFTA claim is barred by 15 U.S.C. §1693m(d), because all actions taken by Sovereign were done in good faith in conformity with regulations promulgated by the Federal Reserve Board.

6.      To the extent any signage was subsequently removed, damaged or altered by someone other than Sovereign, Sovereign can have no liability and the claim is barred under 15 U.S.C. § 1693h(d).

7.      Plaintiff's claims are barred by the doctrine of unclean hands.

8.      Plaintiff's claims are barred by the doctrine of waiver.

9.      Plaintiff's claims are barred by the doctrine of estoppel.

10.     Plaintiff's claims are barred by the doctrine of consent.

11.     Plaintiff's claims are barred by the doctrine of ratification.

12.     Plaintiff's claims are barred by the voluntary payment doctrine.

13.     Plaintiff's claims are barred because Plaintiff did not rely on any conduct by Sovereign in allegedly agreeing to pay the fee.

14.     Plaintiff's claims are barred to the extent they seek any remedy to which Plaintiff is not entitled under the EFTA, 15 U.S.C. § 1693m, including but not limited to the cap applicable to alleged class actions set forth at 15 U.S.C. § 1693m(a)(2)(B).

15.     Plaintiff's claims are barred because Plaintiff failed to mitigate his alleged damages (if any).

16.     Plaintiff's claims are barred to the extent that any fee or surcharge was refunded or paid by a third party bank or other financial institution.

17.     Plaintiff's claim for statutory damages in this case is barred or should be reduced by applicable law or statute or, in the alternative, is unconstitutional insofar as it violates the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable

provisions of the Constitution of the Commonwealth of Pennsylvania. Any law, statute or other authority purporting to permit the recovery of statutory, penal damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the Court or jury's discretion in determining whether to award statutory damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in statutory damages; (3) unconstitutionally may permit recovery of statutory damages based on conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) unconstitutionally may permit recovery of statutory damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of the resources, net worth or other financial information relating to defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any statutory damages award; (7) lacks constitutionally sufficient standards for appellate review of statutory damages awards; and (8) otherwise fails to satisfy Pennsylvania and U.S. Supreme Court precedent, including, without limitation, *State Farm Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513 (2003), *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589 (1996), and *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 S.Ct. 1032 (1991). Plaintiff's claim for statutory damages is, and any award of statutory damages in this case would be, unconstitutional insofar as such damages are sought to punish Sovereign for the conduct of or injuries to non-parties or otherwise on behalf of absent class members who are not called to testify in this action and who seek to punish Sovereign for others' conduct related to transactions

on which the named Plaintiff was not directly involved. *See Philip Morris USA v. Williams,* 127 S. Ct. 1057 (2007).

18.     Plaintiff's claim for statutory damages should be barred or reduced by application of the factors set forth in 15 U.S.C. § 1693m(b).

19.     Sovereign acted at all times in good faith and pursuant to reasonable procedures intended to comply with the EFTA in accordance with 15 U.S.C. § 1693m(c).

20.     Under applicable law and the due process protections of the U.S. Constitution, the amount of any claimed statutory damages in any putative class action may not exceed the amount of actual damages proven with respect to each alleged class member. *See e.g.,* 15 U.S.C. § 1693m(a)(2)(B); *Exxon Shipping Co. v. Baker,* 128 S.Ct. 2605 (2008).

21.     Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23 because this action cannot be properly maintained as a class action.

WHEREFORE, Defendant Sovereign Bank, N.A. respectfully requests this Court to enter judgment in favor of Defendant Sovereign Bank, N.A. and against the Plaintiff, deny any request for class treatment, and award costs in favor of Defendant Sovereign Bank, N.A. and against Plaintiff.

Respectfully submitted,

*/s/ Joe N. Nguyen*
Roy W. Arnold
Joe N. Nguyen
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone:  215-851-8100
Facsimile:   215-851-1420
Email:  rarnold@reedsmith.com
Email:  jnguyen@reedsmith.com

*Attorneys for Defendant*
*Sovereign Bank, N.A.*

Dated:  February 16, 2012

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court on February 16, 2012 using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Joe N. Nguyen*