**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KURT HUCKABEE,** | : | |
| **individually and on behalf of all others** | : | |
| **similarly situated,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| **SOVEREIGN BANK,** | : | |
| **Defendant.** | : | **No. 11-7657** |

**O R D E R**

    **AND NOW**, this 25th day of October, 2012, upon consideration of the Motion for

Preliminary Approval of Class Action Settlement (Docket No. 14), it is hereby ordered that the

Motion is **DENIED without prejudice** to be refiled in accordance herewith.[1]

---

[1]    As Plaintiff's own proposed order and memorandum note, to grant preliminary approval of a class action settlement, the Court must find, at least preliminarily, that the proposed Rule 23 Class likely meets the requirements for certification under Rule 23 and that the proposed settlement is within the range of reasonableness and must also approve a notice plan.  *See* Manual for Complex Litigation (Fourth) § 21.632.  Plaintiff's Memorandum of Law, which is less than half the length of Plaintiff's exhibit touting the experience of his counsel, does not even attempt to address the Rule 23 factors.  Aside from citing a string of cases that Plaintiff claims are similar (but without providing copies of relevant orders or settlement agreements or even providing a description stating why the cases are "similar," despite that the vast majority of the cited cases did not, apparently, result in written opinions), noting that the negotiations were at arm's length, and very briefly stating that there are risks to continued litigation, Plaintiff provides no meaningful way for the Court to assess the reasonableness of the proposed settlement.
    For instance, Plaintiff does not even provide the Court with information about how numerous the class might be, what discovery efforts have been made, what damages the class could receive in the event of success at trial, or any other facts that might bear on the reasonableness of the settlement.  While the Court understands that this is a preliminary approval motion, the Court must still have enough information to make preliminary findings that certification would likely be appropriate and that the settlement is within the range of what would be reasonable.
    As to notice, Plaintiff fails to explain how posting a notice at the ATMs at issue in this case and setting up a website would meaningfully reach prospective class members and constitute the "best practicable notice under the circumstances."  *See* Fed. R. Civ. P. 23(c)(2)(B).
    For at least all of these reasons, then, the Court will deny the pending motion and allow Plaintiff to refile a motion that, at a minimum, addresses the deficiencies outlined in this Order.

The hearing scheduled for Monday, October 29, 2012 in this matter is hereby

**CANCELLED**.


BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE