IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KURT HUCKABEE, | : | |
| individually and on behalf of all others | : | |
| similarly situated, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| SOVEREIGN BANK, | : | |
| Defendant. | : | No. 11-7657 |

**ORDER on PRELIMINARY APPROVAL of SETTLEMENT**

**AND NOW**, this 26th day of March, 2013, upon consideration of Plaintiff's Amended Motion for Preliminary Approval of Class Action Settlement (Docket No. 20) and Plaintiff's supplement thereto (Docket No. 24), and following a hearing on January 16, 2013, it is hereby **ORDERED** that Plaintiff's Motion (Docket No. 20) is **GRANTED** as follows.

I.   BACKGROUND

In this putative class action, Kurt Huckabee filed suit against Sovereign Bank, alleging that it violated the Electronic Funds Transfer Act by not posting "prominent and conspicuous" fee notices near certain ATMs.  After negotiations, Mr. Huckabee and Sovereign Bank have reached a proposed settlement that would resolve this case, and Mr. Huckabee now seeks preliminary approval of the Proposed Settlement Agreement (the "Settlement Agreement") and provisional certification of a settlement class (along with preliminary appointment of a class representative and class counsel).  Sovereign Bank does not oppose Mr. Huckabee's Motion for Preliminary Approval.

## II. PRELIMINARY APPROVAL

### A. Class Findings

For purposes of the settlement of the claims against Sovereign Bank – and only for such purposes, and certainly without an adjudication of the merits – the Court preliminarily finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Rules of the Court and any other applicable law have been met as far as the proposed settlement is concerned,[1] in that:

1.  The Settlement Class Members, as defined in Section B below, are ascertainable from objective criteria, and the Settlement Class Members are so numerous that their joinder before the Court would be impracticable.

2.  For purposes of preliminary approval, the commonality requirement of Federal Rule of Civil Procedure 23(a) is satisfied insofar as Mr. Huckabee has alleged one or more questions of fact and law common to the Settlement Class, including whether the fee notices in question were "prominent and conspicuous."

3.  Based on Mr. Huckabee's allegation that he is a non-bank customer who used a Sovereign Bank ATM in question and, thus, paid a fee, the Court preliminarily finds that Mr. Huckabee's claims are typical of the claims of the Settlement Class members. The claims of Mr. Huckabee and absent class members rely on the same legal theories and arise from the same alleged conduct by Sovereign Bank, namely, the posting of fee notices at various ATMs.

---

[1]   When deciding preliminary approval, a court does not conduct a "definitive proceeding on fairness of the proposed settlement." *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1384 (D.C. Md. 1983); *see In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785-86 (3d Cir. 1995).
   That determination must await the final hearing, at which the fairness, reasonableness, and adequacy of the settlement is assessed. *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003).

**4.** The Court preliminarily finds that Mr. Huckabee will fairly and adequately protect the interests of the Settlement Class, in that (i) his interests are consistent with those of the Settlement Class members; (ii) there appear to be no conflicts between Mr. Huckabee and other Settlement Class members; (iii) Mr. Huckabee and the Settlement Class members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class action cases similar to this one.

**5.** The Court preliminarily finds that, for this settlement's purposes, questions of law or fact common to members of the Settlement Class predominate over questions affecting only individual members of the Settlement Class, under Rule 23(b)(3), and that a class action resolution in the manner proposed in the Settlement Agreement would be superior to other available methods for a fair and efficient adjudication of the Litigation.  In making these preliminary findings, the Court has considered, among other factors, (i) the interest of Settlement Class members in individually controlling the prosecution or defense of separate actions; (ii) the impracticality or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

**B.**     **Preliminary Class Certification for Settlement Purposes Only**

**1.** Based on the findings set forth in Section A above, the Court preliminarily certifies the Settlement Class for settlement purposes under Fed. R. Civ. P. 23(b)(3).  At this preliminary certification phase, and only for purposes of this proposed settlement, the Settlement Class is defined as follows:

> All persons who were not banking customers of Sovereign Bank and who were charged or assessed any transaction fee, including ay "terminal owner fee," surcharge or ATM

transaction fee of any kind, in connection with any electronic fund transfer or balance inquiry at any of the ATMs at issue[1] between December 15, 2010 and March 31, 2012.

    **2.**    The Court concludes that, for the sole purpose of settlement, and without an adjudication on the merits, the Class is sufficiently well-defined and cohesive to merit preliminary approval. The Class shall be modified as necessary.

### C.    Class Representative and Class Counsel for the Purposes of Settlement Only

    **1.**    The Court, for the purposes of facilitating a class settlement, designates Kurt Huckabee as Class Representative.

    **2.**    The Court designates R. Bruce Carlson of Carlson Lynch LTD to serve as Class Counsel.

### D.    Findings Regarding Proposed Settlement

The Court accepts the good faith representations of counsel that the proposed settlement was reached only after arm's-length negotiations by counsel. Subject to final determination following an approved form of and plan for notice and a fairness hearing, the Settlement Agreement falls within the range of possible approval and is sufficiently fair, reasonable and adequate so as to warrant preliminary approval.

### E.    Notice

The Class Notice attached as Exhibits B1 and B2 to Exhibit 1 to the Amended Motion for Preliminary Approval (Docket No. 1) is approved, providing that corrections to the Notice, as discussed at the January 16, 2013 hearing, are made before publication. Counsel are authorized

---

[1] The 14 ATMs at issue are listed in the Settlement Agreement, attached as Exhibit 1 to Plaintiff's Motion (Docket No. 20), and are all located in Pennsylvania.

to publish such corrected notice online and at the ATMs at issue within 15 days of the date of this Order.[2]

### F. Objections, Opt-Outs and Claims Forms

Any written objection to the proposed settlement must be filed with this Court no more than 60 days after the Class Notice is posted. Any opt-outs must also be postmarked no later than 60 days after the Class Notice is posted. Qualifying Settlement Claim Certification Forms must be postmarked no later than 120 days after the Class Notice is posted.

### G. Final Fairness Hearing

The Court will conduct a Final Approval Hearing on October 8, 2013 at 10:00 a.m. in Courtroom 10B of the federal courthouse at 601 N. Market Street, Philadelphia, PA to determine the overall fairness of the settlement and to fix the amount of attorneys' fees and costs to Class Counsel. The Final Approval Hearing may be continued without further notice to Class Members. The Parties shall file their motion for approval of the settlement, and Class Counsel shall file their motion for attorneys' fees and costs, on or before August 23, 2013. Any responses to these motions are due no later than September 6, 2013.

### H. Miscellaneous

1. The terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

2. In the event the settlement does not become final and effective for any reason, nothing in this Order shall be construed to prejudice any position that any of the parties may assert in any aspect of the Litigation.

---

[2] At the hearing on this Motion, the Court questioned counsel about the lack of publication notice in the proposed notice plan. After reviewing supplemental materials submitted by counsel regarding the cost of publishing notice in local newspapers in communities surrounding the ATMs in question, the Court concludes that the cost of such publication notice would outweigh the potential benefits of publication notice.

5

**3.** Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Sovereign Bank of the truth or any of the allegations in the litigation, or of any liability, fault or wrongdoing of any kind. Likewise, nothing in the Settlement Agreement may be taken as evidence of any lack of viability or of the inadmissibility of any evidence or of any lack of merit in Mr. Huckabee's allegations.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE