IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KURT HUCKABEE, <br> individually and on behalf of all <br> others similarly situated, <br> <br> Plaintiff, <br> <br> v. <br> <br> SOVEREIGN BANK, <br> <br> Defendant. | Case No. 2:11-cv-7657 <br> <br> CLASS ACTION <br> <br> Filed Electronically |

**PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT
OF EXPENSES AND PAYMENT OF PLAINTIFF INCENTIVE AWARD**

### I.   PRELIMINARY STATEMENT

Plaintiff, Kurt Huckabee ("Plaintiff"), by his counsel, hereby moves for an award of attorneys' fees, costs and Plaintiff incentive payment. The fee and cost request is reasonable and appropriate under well-settled authority. The incentive payment requested for Plaintiff is also reasonable and appropriate under well-established authority.

### II.   BACKGROUND

Plaintiff filed an action on December 15, 2011, alleging that Sovereign Bank (the "Bank" or "Defendant") violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"). Specifically, Plaintiff alleges that Defendant violated 15 U.S.C. § 1693b(d)(3)(C) which states, in relevant part:

> (C)  Prohibition on fees not properly disclosed and explicitly assumed by the consumer
>
> No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless—
>
> (i)     The consumer receives such notice in accordance with subparagraph (B) . . . .

1

In turn, Plaintiff alleges that Defendant violated the notice requirement set forth at subparagraph B (15 U.S.C. § 1693(d)(3)(B)), to wit:

> (B) Notice requirements
>
> (i) On the machine
>
> The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

Plaintiff's Complaint described the alleged violation as follows:

> At the time of the above-described transaction, there was no notice posted in a 'prominent and conspicuous location or or at' the ATM operated by Defendant apprising consumers that a fee would be charged for the use of the ATM. Indeed, the only posted notice at the ATM operated by Defendant relating to ATM fees is impossible to read with the naked eye.
>
> More specifically, the ATM at issue is a stand-alone ATM intended for drive through usage. There is no signage at all on the front face of he ATM that is within a driver's field of vision when said driver pulls up to the ATM. Instead, there is an obscure fee notice placed on a sign located on a pole to the side of the ATM. The type size used in the notice is so small that it is impossible for the driver or any occupant of the vehicle using the ATM to read the notice with the naked eye from within the vehicle.

Complaint at Paragraphs 20-21.

On February 16, 2012, Defendant filed an Answer to Plaintiff's Complaint. The Parties ultimately executed a Class Action Settlement Agreement ("Settlement Agreement") on or about August 1, 2012.[1] Pursuant to this agreement, the Parties have agreed to the certification of the following Class, for settlement purposes only:

> All persons who were not banking customers of Sovereign Bank and who were charged or assessed any transaction fee, including any "terminal owner fee", surcharge or ATM transaction fee of any kind, in connection with any electronic

---

[1] A copy of the Settlement Agreement is appended to Plaintiff's Unopposed Motion for Preliminary Approval as Exhibit 1.

fund transfer or balance inquiry at any of the ATMs at Issue between December 15, 2010 and March 31, 2012.

On August 6, 2012, Plaintiff filed an Unopposed Motion for Preliminary Approval of Class Action Settlement. On October 25, 2012, this Court denied Plaintiff's motion without prejudice. In its Order the Court raised three primary concerns: 1) whether the proposed Rule 23 Class meets the requirements for certification under Rule 23; 2) whether the proposed settlement is within the range of reasonableness; and, 3) whether the proposed notice plan constitutes the "best practicable notice under the circumstances." On December 28, 2012, Plaintiff submitted an Amended Motion for Preliminary Approval of Class Action Settlement to address the issues identified by the Court. Following a hearing on Plaintiff's preliminary approval motion, this Court entered an Order granting preliminary approval of the settlement on March 26, 2013.

## III.   THE TERMS OF THE SETTLEMENT

In the interest of avoiding protracted and costly litigation, the Parties have agreed to a proposed settlement with the following basic terms:

(1)   Defendant has agreed to create a settlement fund in the amount of $87,747.00 to be disseminated on a *pro rata* basis to every Participating Class Member who submits a claim after the dissemination of notice, with any individual Participating Class Member's share being capped at $100.00. There are a total of 58,498 transactions included within the class, representing the number of transactions at the ATMs at issue during the Class Period. Those transactions resulted in a total amount of $144,589.00 in ATM fees being collected by Defendant. The settlement fund established by Defendant represents a disgorgement of more than 60% of the total ATM fees collected.

(2) Defendant has also agreed that fifty percent (50%) of any unclaimed amount of the Settlement Fund will be donated, on a *cy pres* basis, in equal amounts to the Boys & Girls Clubs of America and Girls Hope of Pittsburgh.

(3) Defendant has agreed not to oppose Class Counsel's application for attorneys' fees and allowable litigation costs and expenses in an amount up to $30,711.45 or thirty-five percent (35%) of the Settlement Fund.

## IV. LEGAL ANALYSIS

### A. The Requested Fee is Reasonable Under Third Circuit Common Fund Authority

There is substantial and uniform authority from the courts sitting in the Third Circuit which supports the propriety of the amount of fees and costs negotiated by the Parties in this case. As noted in the Motion accompanying this Memorandum, the requested fees and costs in the amount of $30,711.45 represents 35% of the total aggregate value of the settlement. This is in line with the fee percentages historically approved in common fund class action settlements by courts sitting in this Circuit. Some examples follow:

| Case Name | Fee As Percentage of Recovery |
|---|---|
| *Byers v. PNC Financial Services Group, Inc.*, No. 07-cv-0123 (W.D.Pa)(Cercone, J.) | 35% |
| *Battaline v. Advest*, No. 06-cv-569 (W.D.Pa.)(Lancaster, J.) | 33% |
| *Erie County of Retirees Association v. County of Erie, PA*, 192 F.Supp. 2d 369 (W.D. Pa. 2002) | 38% |
| *Ratner v. Bennett*, 1996 WL 2643645 (E.D. Pa. May 8, 1996) | 35% |

4

| | |
|---|---|
| *In re: Westinghouse Securities Litigation,* Nos. 91-cv-354, 97-cv-309, 97-cv-960 (W.D.Pa.)(Smith, J.) | 33.3% |
| *DiCicco v. American Eagle Outfitters, Inc.*, No. 95-cv-1937 (W.D.Pa.)(Benson, J.) | 33.3% |
| *In re: Crown American Realty Trust Securities Litigation*, No. 95-cv-202J (W.D.Pa.)(Smith, J.) | 33.3% |
| *In re: Sulcus Computer Corporation Securities Litigation*, No. 92-cv-1165 (W.D.Pa.)(Standish, J.) | 33% |
| *In re: PNC Securities Litigation*, No. 90-cv-592 (W.D.Pa.)(Diamond, J.) | 33% |

An award of 35% of the common fund created in this case also comports with attorney fee awards in other EFTA actions from other federal courts around the country. *Arthur v. National City Bank*, Case No. 09-cv-1409 (N.D.Ohio)(Zouhary, J.)(approving fees of 33% of settlement fund); *Ochart et al. v. Broadway Bank*, Case No. 08-cv-4893 (N.D.Ill.)(Castillo, J.)(awarding attorneys' fees of 33.3% of settlement fund); *Anthony v. Fifth Third Bank (Chicago)*, Case No. 08-cv-4359 (N.D.Ill.)(Schenkier, M.J.)(approving fees of 30% of settlement fund); *Jackman v. Global Cash Access Holdings, Inc.*, Case No. 09-cv-897 (W.D.Pa.)(McVerry, J.)(approving fees of 33.3% of settlement fund); *Howard v. The Canandaigua National Bank and Trust Company*, Case No. 09-cv-6513 (W.D.N.Y.)(Telesca, J.)(approving fees of 33.3% of settlement fund).

In short, the requested fee falls within the range of fees historically approved by courts sitting in this Circuit in common fund class action settlements, and by courts around the country in EFTA class action settlements.

5

There has been no objection to the requested fee by any Class Member. In addition, notice of the proposed settlement was provided to applicable state regulators pursuant to the Class Action Fairness Act, and no regulator has objected to the requested fee. Plaintiff respectfully requests that the Court award the requested fee and cost payment of $30,711.45.

**B.     The Requested Plaintiff's Incentive Award Is Reasonable And Appropriate**

As set forth in the Class Notice, Defendant has agreed to pay an incentive payment of $1,500.00 to Plaintiff. This payment is warranted as a matter of public policy and is well supported by applicable authority. *See, e.g., In re Chambers Development Securities Ligit.*, 912 F.Supp. 852, 863 (W.D. Pa. 1995)(approving incentive payment of $2,500 to each plaintiff); *In re GNC Shareholder Litig.*, 668 F.Supp. 450, 451 (W.D. Pa. 1987)(approving incentive payment of $3,000 to each plaintiff).

**V.     CONCLUSION**

For all of these reasons, Plaintiff respectfully requests that the Court approve the fee and costs agreement negotiated by the Parties, as well as the negotiated incentive payment for Plaintiff.

                Respectfully Submitted,

                /s/ Bruce Carlson
                R. Bruce Carlson, Esquire
                PA56657
                bcarlson@carlsonlynch.com
                Gary F. Lynch, Esquire
                PA56887
                glynch@carlsonlynch.com
                CARLSON LYNCH LTD
                115 Federal Street
                Suite 210
                Pittsburgh, PA  15212
                (p) (412) 322-9243
                (f) (412) 231-0246

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2013, a true and correct copy of PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND PAYMENT OF PLAINTIFF INCENTIVE AWARD was served upon all counsel of record via the Court's electronic filing system.

/s/ R. Bruce Carlson